UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.  1:13-cv-12381

**TY MCGRATH** and **JULIANNE MCGRATH**,
      Plaintiffs,

v.

TOWN OF SANDWICH, et al.,
      Defendants.

## DEFENDANT BONDAREK'S MOTION TO STRIKE
## REPORT OF POLICE PRACTICES EXPERT RICHARD ROSENTHAL

Now comes the defendant, Brian Bondarek ("Defendant Bondarek"), and hereby moves this Honorable Court to strike the Report of Police Practices Expert Richard Rosenthal (*Docket Nos. 94-15, 94-16*) submitted by plaintiffs in support of their Opposition to Bondarek's Motion for Summary Judgment (*Docket No. 91*) as same is not in compliance with the applicable Federal rules.

As grounds therefor, Defendant Bondarek states:

1. Fed. R. Evid. R. 702 states:

   "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

       (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
       (b) the testimony is based on sufficient facts or data;
       (c) the testimony is the product of reliable principles and methods; and
       (d) the expert has reliably applied the principles and methods to the facts of the case."

2. Federal trial judges have "an independent obligation—a gatekeeping or screening function to insure that proffered scientific evidence rests on a reliable foundation." Daubert v. Merrell

Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993).

3. It is a fundamental premise of our trial system that "determining the weight and credibility of witness testimony 'belongs to the jury who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.'" United States v. Scheffer, 523 U.S. 303, 313 (1998).

4. The Daubert court identified four factors that can assist a court in determining whether an expert's proposed testimony should be admitted: "(1) whether the theory or technique can be and has been tested; (2) whether the technique has been subject to peer review and publication; (3) the technique's known or potential rate of error; and (4) the level of the theory or technique's acceptance within the relevant discipline." United States v. Mooney, 315 F.3d 54, 62 (1st Cir. 2002) (citing Daubert, 509 U.S. at 593-94).

5. "These factors 'do not constitute a 'definitive checklist or test' [and] [g]iven that 'there are many different kinds of experts, and many different kinds of expertise,' these factors 'may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" Milward v. Acuity Specialty Prods. Group, 639 F.3d 11, 14 (1st Cir. Mass. 2011) (internal citations omitted).

6. As the Supreme Court has explained, "nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion that is connected to existing data only by the *ipse dixit* of the expert." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997).

7. Similarly, the First Circuit has written that "trial judges may evaluate the data offered to support an expert's bottom-line opinions to determine if that data provides adequate support to mark the expert's testimony as reliable." Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 81 (1st Cir. 1998).

8. Mr. Rosenthal has failed to comply with the standard as set forth in Rule 702, and has "merely note[d] conflicting testimony and purport[ed] to weigh factual disputes that the jury needs no assistance in resolving." Davis v. Duran, 277 F.R.D. 362, 370 (N.D. Ill. 2011).

9. Further, Mr. Rosenthal lacks the necessary expertise to be considered an expert and fails to rely on reliable principles and methods in offering his opinion on the instant case, only citing his experience as the basis for his opinions. ("… [My] education, training, and experience…") (See *Docket No. 94-15, p. 2*).

10. Mr. Rosenthal's so-called "expert testimony" could not assist a jury in a way that could be described as "reliable." *See* BASF Corp. v. Sublime Restorations, Inc., 880 F. Supp. 2d 205, 213 (D. Mass. 2012) (Trial judges may evaluate the data offered to support an expert's bottom-line opinions to determine if that data provides adequate support to mark the expert's testimony as reliable.).

11. Mr. Rosenthal is a former Chief of Police for the Town of Wellfleet and has testified in one previous matter. (See *Docket No. 94-15, p. 2*).

12. Mr. Rosenthal's experience does not demonstrate he has the expertise needed to render an opinion on the lawfulness of Defendant Bondarek's conduct the night he arrested Plaintiff Ty McGrath.

13. The conclusions set forth by Mr. Rosenthal— that, among others, Defendant Bondarek violated the constitutional rights of Plaintiff Ty McGrath—are mere argument without any citations to case law or other resources to substantiate them. *See* Cruz v. Kagan, 2011 U.S. Dist. LEXIS 66508, 4-5, 2011 WL 2516711 (D. Mass. June 22, 2011) (Defendant's motion to strike Plaintiff's proposed expert on police practices, a former police officer with a consulting service, was granted as expert's background did not qualify him as an expert and

his "expert testimony (perhaps better characterized as expert argument) encroaches unacceptably on the functions of the court as the arbiter of law and the jury as the arbiter of fact.").

Wherefore, Defendant Bondarek moves this Court to strike the Report of Police Practices Expert Richard Rosenthal submitted by plaintiffs in support of their Opposition to Bondarek's Motion for Summary Judgment as not in compliance with Fed. R. Evid. R. 702.

                              DEFENDANT
                              BRIAN A. BONDAREK,
                              By his attorneys,

*/s/ Chantelle M. D'Angelo*
Douglas I. Louison (BBO# 545191)
Email: Dlouison@lccplaw.com
Chantelle M. D'Angelo (BBO #688165)
Email: Cdangelo@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street, Fourth Floor
Boston, MA 02110
(617) 439-0305

Date:  June 8, 2015

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), counsel for defendant Bondarek certify that they have conferred with counsel for plaintiffs and attempted in good faith to resolve or narrow the issues in this motion.

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date:  June 8, 2015           */s/ Chantelle M. D'Angelo*
                                            Chantelle M. D'Angelo