**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **TY C. McGRATH and**<br>**JULIANNE McGRATH,**<br><br>        **Plaintiffs,**<br><br>        **v.**<br><br>**TOWN OF SANDWICH, CHRISTA L.**<br>**CABRAL, ELLIN C. BOORAS, CHARLES**<br>**RICHARD CANFIELD, DAVID J.**<br>**GUILLEMETTE, PETER N. WACK,**<br>**BRIAN A. BONDAREK, JOHN DOE #1**<br>**and JOHN DOE #2**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)   13-12381-NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

**GORTON, J.**

This civil rights and personal injury case arises out of an incident in 2011 involving two students at Sandwich High School in Sandwich, Massachusetts.  Plaintiff Ty McGrath ("Ty") was an 18-year-old senior when he was suspended from school and charged with felony assault for allegedly bullying and assaulting a 14-year-old freshman.  In the criminal proceedings that followed, the state court suppressed the statements that Ty made to the police on grounds of involuntariness and invalid waiver.  The state court then reduced Ty's felony charges to misdemeanor charges and a jury acquitted him of all criminal conduct thereafter.

Ty and his mother, Julianne McGrath ("Julianne"), sued the Town of Sandwich ("Town"), Sandwich Police officer Brian Bondarek ("Officer Bondarek") and other defendants, alleging multiple civil rights and tort violations in connection with Ty's arrest, interrogation, criminal prosecution and suspension from school.

Pending before the Court are separate motions of the Town and Officer Bondarek for summary judgment and Officer Bondarek's motion to strike.   For the reasons that follow, the Town's motion for summary judgment will be denied, Officer Bondarek's motion for summary judgment will be allowed, in part, and denied, in part, and Officer Bondarek's motion to strike will be denied.

## I.   **Background**

### A.   **The incident between Ty and the other student**

The subject incident occurred after football practice on November 7, 2011, first inside the locker room and later outside the school entrance.   According to defendants, Ty targeted the other student and shoved a brownie in his face, struck him with a broom, punched his arm, threw him to the ground and kicked him in the back with a shod boot.   Plaintiffs, in contrast, contend that the student first threw a football pad at Ty and that both students wrestled each other in good humor and good fun.

Plaintiffs also claim that Ty wore tennis shoes, not shod boots, and deny that Ty ever kicked the other student.

### B.     The events at the police station

The other student went to the police station that evening to report the incident and to show the red marks on his back to Officer Bondarek.  Officer Bondarek telephoned Ty and asked him to come to the police station and talk about the incident. Officer Bondarek did not have an arrest warrant.  Ty and Julianne arrived at the police station together.  Officer Bondarek immediately placed Ty under arrest, handcuffed him, read him his rights and led him to another room alone.  Ty was crying and very upset.

The parties disagree on the events that happened next. Plaintiffs claim that 1) Ty informed Officer Bondarek clearly, four times, that he wanted an attorney and that he wished to remain silent, 2) Officer Bondarek ignored Ty's requests by yelling at him, threatening him and repeatedly asking him about the incident, 3) Officer Bondarek had Ty sign a statement without letting Ty review its contents, even though Ty never made the statements recorded in the document and 4) Officer Bondarek had Ty sign a waiver of rights without explaining the rights or letting Ty review the waiver.  Plaintiffs also claim that Ty suffered mental injuries, physical harm and negative academic consequences as a result of Officer Bondarek's actions

and that Julianne experienced pain and anxiety as a result of helping Ty cope with his injuries.

In contrast, the Town and Officer Bondarek assert that 1) Ty never demanded an attorney or invoked his right to silence, 2) Officer Bondarek merely engaged in small talk with Ty in the booking room in attempts to calm him down, 3) Officer Bondarek read Ty his rights and Ty signed a waiver of rights, 4) Ty relayed to Officer Bondarek the same version of the incident that the other student had reported to Officer Bondarek and 5) Officer Bondarek drafted Ty's statement using the information Ty provided and had Ty sign the document.  Officer Bondarek disputes that plaintiffs suffered the claimed injuries, noting that there are no medical records documenting Ty's injuries and that the only witnesses to Ty's alleged suicide attempt were Julianne and Ty's deceased grandmother.

## II.  Procedural history

Plaintiffs filed a 56-count complaint in September, 2013. The Court dismissed eight counts in May, 2014 after considering the defendants' motions to dismiss.  In March, 2015, plaintiffs and all defendants, with the exception of the unidentified John Doe defendants, agreed to dismiss 32 counts against all stipulating defendants and to dismiss one count against some stipulating defendants.  The Court's order of dismissal and the parties' stipulations of dismissal left pending six counts

against the Town and 11 counts against Officer Bondarek in his individual capacity.

The Town filed a motion for summary judgment in May, 2015 with respect to the remaining counts against it (Counts 3, 8, 11, 13, 15 and 56).  In their opposition, plaintiffs dispute only the arguments raised against Count 15 and, indeed, admit in a footnote that they do not address the arguments with respect to Counts 3, 8, 11, 13 and 56 because they are "willing to dismiss" those counts.

Officer Bondarek filed a separate motion for summary judgment on the pending counts against him (Counts 1, 2, 4, 5, 6, 7, 9, 10, 14, 16 and 56) and a motion to strike the report of Mr. Richard Rosenthal, plaintiffs' expert on police practices. Plaintiffs admit in a footnote in their opposition that they do not address the arguments against Counts 2 and 16 because they are "willing to dismiss" those counts.  Plaintiffs otherwise address the arguments on the other claims.

III. **Motions for summary judgment**

   A.   **Legal standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving

-5-

party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine dispute of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B.  The Town's motion for summary judgment**

Because plaintiffs do not address and are "willing to dismiss" Counts 3, 8, 11, 13 and 56 against the Town, the Court will dismiss those counts and deny the Town's motion for summary

-6-

judgment on those claims as moot.  The Court addresses only the Town's arguments with respect to Count 15.

### 1.   __Count 15__: **Negligent infliction of emotional distress**

In Count 15, Ty alleges that Officer Bondarek's actions negligently inflicted emotional distress on Ty and that the Town is responsible for Ty's injuries, on a respondeat superior theory, under the Massachusetts Tort Claims Act, M.G.L. c. 258 § 1, et seq..  The Town moves for summary judgment based on its arguments of alternative pleading and statutory immunity.

First, the Town claims that Ty cannot use the same conduct to assert an intentional tort claim against Officer Bondarek in Count 14 and a negligent tort claim against the Town in this count.  The Town cites Waters v. Blackshear, 412 Mass. 589 (1992), to argue that intentional conduct cannot also be negligent conduct.  Ty responds that he can plead both wrongs in the alternative because Officer Bondarek's conduct could be either negligent or intentional, depending on whether the jury finds that Officer Bondarek intended the consequences of his act, and because the conduct is not of a kind from which courts traditionally infer an intent to injure.

The Court agrees with Ty.  A plaintiff may present as many claims and defenses as he has, even if they are inconsistent with each other. Fed. R. Civ. Pro. 8(d)(3).  The Waters decision is

inapplicable because the evidence in that case required the inference that defendant intended the resulting harm. Waters, 412 Mass. at 591-92 ("The only permissible conclusion on the uncontroverted facts is that the defendant intended an unpermitted contact . . . In short, there was no room for the jury . . . to conclude nevertheless that the contact with Maurice was not intentionally harmful but was merely negligent."). See also Guzman v. Pring-Wilson, 81 Mass. App. Ct. 430, 434-35 (2012) (finding defendant's reliance on Waters and another case in arguing that a finding of intentional conduct precluded a finding of negligent conduct misplaced because "[h]ere, in contrast to both cases, there is ample evidence that [defendant] did not intend to contact Colono with his knife").

Because the Court has not made a finding that Officer Bondarek intended to inflict emotional distress on Ty, Ty is not precluded from asserting his claim of negligent infliction of emotional distress against the Town based on the same conduct.

Second, the Town asserts that § 10(h) of the Massachusetts Torts Claim Act immunizes a municipality from claims arising from law enforcement actions such as those taken by Officer Bondarek. However, the Massachusetts Supreme Judicial Court ("SJC") in Carleton v. Town of Framingham, 418 Mass. 623 (1994) has held that:

> Aside from its exceptions (inapplicable here),
> clause (*h*) seeks to immunize a municipality when the
> criminal acts of a third person are a cause of a
> plaintiff's harm, and the police were negligent in not
> preventing that criminal conduct.

Carleton, 418 Mass. at 629.  Because Ty claims that Officer

Bondarek himself caused harm to Ty, § 10(h) immunity does not

apply.

Accordingly, the Town's motion for summary judgment on

Count 15 will be denied.

### C.   Officer Bondarek's motion for summary judgment

Because plaintiffs do not address and are "willing to

dismiss" Counts 2 and 16, the Court will dismiss those counts

and deny Officer Bondarek's motion for summary judgment on those

claims as moot.  The Court addresses only Officer Bondarek's

arguments with respect to Counts 1, 4, 5, 6, 7, 9, 10, 14 and

56.

### 1.   Count 1: 42 U.S.C. § 1983 claim for false arrest

In Count 1, Ty alleges that Officer Bondarek conducted a

warrantless and false arrest in violation of Ty's rights against

unreasonable seizure under the Fourth and Fourteenth Amendments.

Officer Bondarek moves for summary judgment and claims that,

because he had probable cause to believe that Ty committed a

felony assault, the arrest was lawful and qualified immunity

bars Ty's claim.

Section 1983 provides a cause of action against persons who violate federal law while acting under color of state law. 42 U.S.C. § 1983.  Qualified immunity protects a state official against § 1983 suits unless 1) the official violated the plaintiff's constitutional right and 2) that right was clearly established at the time of the violation. Pearson v. Callahan, 555 U.S. 223, 232 (2009).  Courts assess the "clearly established" requirement by asking whether the contours of the right were sufficiently clear and whether a reasonable official under the specific circumstances would recognize that his conduct violated a constitutional right. Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009).  In the context of a warrantless arrest, conduct is reasonable "if the presence of probable cause is arguable or subject to legitimate question," even if the arrest later turns out to be unconstitutional. Cox v. Hainey, 391 F.3d 25, 31 (2004).  Probable cause requires a reasonable likelihood that the arrestee committed the alleged crime. Id.

Here, Officer Bondarek argues that he had probable cause to believe Ty committed the assault based on the other student's report of the incident, his own observation that the other student showed injuries consistent with such an assault and Ty's statement corroborating the other student's report of the assault.  Ty, in turn, contends that there was no probable cause

to believe he committed the assault because 1) Officer Bondarek fabricated or unlawfully obtained any allegedly corroborating information from Ty, 2) the other student's report could not generate the requisite probable cause on its own and 3) Officer Bondarek did not know that Ty purportedly wore a shod boot when he allegedly kicked the other student and thus was without sufficient cause to arrest Ty for felony assault with a dangerous weapon.

Ty has a credible claim that Officer Bondarek lacked probable cause to believe that Ty committed felony assault. Thus, there is a genuine issue of material fact over whether Officer Bondarek's actions violated Ty's constitutional rights. The Court declines to conclude, as a matter of law, that Officer Bondarek had qualified immunity or that Ty's claim is without substance.  Accordingly, Officer Bondarek's motion for summary judgment on Count 1 will be denied.

### 2.   Count 4: False arrest and imprisonment

Ty alleges in Count 4 that Officer Bondarek falsely arrested and imprisoned him at the police station.  Officer Bondarek claims he is entitled to summary judgment because he had probable cause to believe that Ty committed an assault.  As discussed above, there is a genuine issue of material fact as to probable cause.  Accordingly, Officer Bondarek's motion for summary judgment on Count 4 will be denied.

-11-

### 3.   <u>Count 5</u>: **Malicious prosecution**

Ty's malicious prosecution claim alleges that Officer Bondarek lacked probable cause to believe that Ty committed the assault or to initiate a criminal proceeding against him. Officer Bondarek responds that he did have probable cause. Because there is a genuine issue of material fact as to whether there was probable cause, Officer Bondarek's motion for summary judgment on Count 5 will be denied.

### 4.   <u>Count 6</u>: **42 U.S.C. § 1983 claim for coerced interrogation**

In Count 6, Ty raises a § 1983 claim and asserts that Officer Bondarek interrogated him despite his repeated invocations of his right to remain silent and to have counsel. Ty argues that Officer Bondarek's conduct violated his right against compelled self-incrimination under the Fifth and Fourteenth Amendments.  Officer Bondarek moves for summary judgment on the grounds that he did not violate Ty's constitutional rights and that qualified immunity bars Ty's claim.

The Court agrees with Officer Bondarek that, because the state court suppressed Ty's statements prior to trial, Ty was never forced to testify against himself and thus suffered no violation of his right against self-incrimination.  The United States Supreme Court has held that the right against self-

-12-

incrimination, which is in turn protected by the Miranda
doctrine, is

> a fundamental <u>trial</u> right [and that] violations occur,
> if at all, only upon the admission of unwarned
> statements into evidence at trial.

<u>United States</u> v. <u>Patane</u>, 542 U.S. 630, 641 (2004).  For this
reason, the suppression of compelled statements "is a complete
and sufficient remedy for any perceived <u>Miranda</u> violation." <u>Id.</u>
at 641-42 (internal quotation marks omitted).

Ty cites the Supreme Court's decision in <u>Chavez</u> v.
<u>Martinez</u>, 538 U.S. 760 (2003), in arguing that the mere use of
compelled statements in a criminal case can trigger a Fifth
Amendment violation, even if the use occurs before trial.  Ty's
reliance on the <u>Chavez</u> decision is, however, misplaced. Although
he correctly characterizes the decision as "expressly
declin[ing]" to decide "the precise moment when a 'criminal
case' commences," he overlooks the Supreme Court's findings in
the following sentence that a Fifth Amendment violation requires
the use of compelled statements at trial.  The paragraph
containing the phrase on which Ty relies is as follows:

> We need not decide today the precise moment when a
> "criminal case" commences; it is enough to say that
> police questioning does not constitute a "case" any more
> than a private investigator's precomplaint activities
> constitute a "civil case."  Statements compelled by
> police interrogations of course may not be used against
> a defendant at trial . . . but it is not until their use
> in a criminal case that a violation of the Self-
> Incrimination Clause occurs, <u>see</u> <u>United States</u> v.

> Verdugo-Urquidez, 494 U.S. 259, 264, 110 S.Ct. 1056, 108
> L.Ed.2d 222 (1990)("The privilege against self-
> incrimination guaranteed by the Fifth Amendment is a
> fundamental trial right of criminal defendants.
> Although conduct by law enforcement officials prior to
> trial may ultimately impair that right, a constitutional
> violation occurs only at trial[.]") . . . .

Chavez, 538 U.S. at 767.  The Chavez decision supports Officer

Bondarek's argument that there was no Fifth Amendment violation

because Ty's compelled statements were not used at trial.

Officer Bondarek's conduct during the interrogation did not

violate Ty's constitutional rights.  Ty's § 1983 claim fails on

its merits and is barred by qualified immunity.  Accordingly,

Officer Bondarek's motion for summary judgment on Count 6 will

be allowed.

### 5.    Count 7: M.G.L. c 12, §§ H-I claim for coerced interrogation

Ty bases his state constitutional claim in Count 7 on

allegations that Officer Bondarek violated Ty's right against

compelled self-incrimination during the interrogation.  Because

there was no such violation, as discussed above, Officer

Bondarek's motion for summary judgment on Count 7 will be

allowed.

### 6.    Count 9: 42 U.S.C. § 1983 claim for fabricated evidence

Ty's § 1983 claim in Count 9 alleges that Officer Bondarek

violated his due process rights under the Fourteenth Amendment

when Officer Bondarek fabricated a written confession that he

-14-

deceived Ty into signing. Officer Bondarek moves for summary judgment based on his interpretation of Count 9 as arising from allegations that he arrested Ty without probable cause, used excessive force and facilitated malicious prosecution. Officer Bondarek argues that Ty improperly brought his claim under the Fourteenth Amendment when it should have been brought under the Fourth Amendment.

Officer Bondarek misreads the nature of Ty's § 1983 claim in Count 9. Ty's due process claim arises directly from Officer Bondarek's actions in allegedly deceiving Ty into signing a document containing statements he did not make. Ty does not base his due process claim on Officer Bondarek's actions in allegedly arresting him without sufficient cause, using excessive force during the arrest or commencing a prosecution against him. Officer Bondarek's arguments for summary judgment miss the mark and thus his motion for summary judgment on Count 9 will be denied.

### 7.  Count 10: M.G.L. c. 12, §§ 11H-I claim for fabricated evidence

In Count 10, Ty asserts that Officer Bondarek violated his state civil rights when Officer Bondarek fabricated a statement of confession for Ty and threatened, intimidated or coerced him into signing the statement. Officer Bondarek seeks summary judgment because he contends that Ty has not shown a

constitutional violation and has not shown that Officer Bondarek used threats, intimidation or coercion.

To prevail under the Massachusetts Civil Rights Act ("MCRA"), §§ 11H-I, Ty must demonstrate that Officer Bondarek interfered, or attempted to interfere, with Ty's rights under the United States or Massachusetts Constitutions by using threats, intimidation or coercion. M.G.L. c. 12, §§ 11H-I.  The scope of protection under the MCRA is coextensive with that provided by federal law under § 1983, with the exception of the federal requirement of state action and the state requirement of threats, intimidation or coercion. Sietins v. Joseph, 238 F. Supp. 2d 366, 377-78 (D. Mass. 2003).

Because Officer Bondarek is not entitled to summary judgment on the due process claim that Ty brought under § 1983 in Count 9, he is, for the same reasons, not entitled to summary judgment on the due process claim that Ty brought under the MCRA in this count.  Accordingly, Officer Bondarek's motion for summary judgment on Count 10 will be denied.

> 8.   **Count 14**: **M.G.L. c. 258 claim for intentional inflicment of emotional distress**

In Count 14, Ty alleges that Officer Bondarek caused an intentional infliction of emotional distress ("IIED") when Officer Bondarek arrested him without probable cause to believe

that he committed the assault and intimidated and deceived him
into signing a written confession.  An IIED claim requires that:

> [1] the defendant intended to cause, or should have known
> that his conduct would cause, emotional distress;
> [2] the defendant's conduct was extreme and outrageous;
> [3] the defendant's conduct caused the plaintiff's
> distress; and [4] the plaintiff suffered severe
> distress.

Sena v. Commonwealth, 417 Mass. 250, 263-64 (1994) (citing Agis
v. Howard Johnson Co., 371 Mass. 140, 144-145 (1976)).  Officer
Bondarek moves for summary judgment on the grounds that his
conduct was not extreme and outrageous because he had probable
cause to believe Ty committed the assault and that there is no
factual evidence of Ty's severe distress.

The Court declines to grant summary judgment.  First, as
discussed above, there is a genuine issue as to whether Officer
Bondarek had probable cause to believe Ty committed the assault.
Second, a reasonable jury could conclude that Ty suffered from
severe distress after considering 1) the medical records from
Ty's visit to Dr. Blasberg with respect to his vomiting
concerns, 2) Ty's deposition statement that he talked to Dr.
Blasberg about his suicide attempt and 3) Ty's deposition
statement that he suffered headaches as a result of the
incidents.  Accordingly, Officer Bondarek's motion for summary
judgment on Count 14 will be denied.

   9.   **Count 56**: M.G.L. c. 258 claim for loss of
        consortium for injury to dependent child under
        M.G.L. c. 231, § 85X

Julianne raises her claim in Count 56 under the
Massachusetts Tort Claims Act for loss of consortium for injury
to a dependent child.  The statute providing a cause of action
for such a loss of consortium states:

> The parents of a minor child or an adult child who is
> dependent on his parents for support shall have a cause
> of action for loss of consortium of the child who has
> been seriously injured against any person who is legally
> responsible for causing such injury.

M.G.L. c. 231, § 85X.  Officer Bondarek requests summary
judgment because he contends that Ty has not established a
claim for an injury for which Officer Bondarek is legally
responsible.

Because Ty's claim against Officer Bondarek for IIED
in Count 14 survives summary judgment, Officer Bondarek's
motion for summary judgment on Count 56 will be denied.

## IV.  **Motion to strike**

Officer Bondarek moves to strike the report that plaintiffs
attached to their memorandum of law in opposition to Officer
Bondarek's motion for summary judgment.  Officer Bondarek claims
that the report does not conform to the standards set by Rule
702 of the Federal Rules of Evidence.

The Court does not, however, have the authority to strike
information from a party's memorandum of law.  A motion to

strike is brought pursuant to Rule 12(f) which permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f).  The term "pleading" is strictly defined by Rule 7(a) and does not encompass motions, memoranda or exhibits to memoranda. Fed. R. Civ. P. 7(a).  The First Circuit Court of Appeals and other sessions of this court have refused to strike motions under Rule 12(f) for this reason. See, e.g., Pilgrim v. Trs. of Tufts Coll., 118 F.3d 864, 868 (1st Cir. 1997), abrogated on other grounds by Crowley v. L.L. Bean, Inc., 303 F.3d 387 (1st Cir. 2002); Judson v. Midland Credit Mgmt., Inc., No. CIV.A. 13-11435-TSH, 2014 WL 4965944, at *3 (D. Mass. Oct. 1, 2014).

Accordingly, Officer Bondarek's motion to strike is improper and will be denied.


**ORDER**

For the foregoing reasons,

1)    defendant Town's motion for summary judgment on Count
      15 (Docket No. 78) is **DENIED**;

2)    defendant Bondarek's motion for summary judgment
      (Docket No. 82) is

      a.   with respect to Counts 6 and 7, **ALLOWED**, but

      b.   with respect to Counts 1, 4, 5, 9, 10, 14 and 56, **DENIED**;

3)   plaintiffs' claims in Counts 2, 3, 8, 11, 13 and 16 are **DISMISSED**;

4)   plaintiffs' claim in Count 56 is **DISMISSED** as against defendant Town only; and

5)   defendant Bondarek's motion to strike (Docket No. 96) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 29, 2015